DOMINIQUE N. WESTMORELAND, ESQ. (SBN 302606)
        E-mail: dwestmoreland@wml-law.com
**THE WESTMORELAND LAW FIRM, P.C.**
1379 W. Park Western Drive, Suite 301
San Pedro, California 90732
Telephone No.: (424) 285-5362
Facsimile No.: (424) 285-5825


Attorneys for Defendants,
RESMAC, INC., JJ ZHANG, & KEVIN HECKEMEYER

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SWANSEA INVESTMENT GROUP, INC., a New Jersey Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>RESMAC, INC., a Florida Corporation; JJ ZHANG, an individual; KEVIN HECKEMEYER, an individual; TODD LAUTZENHEISER, and individual, and Does 1 through 10, inclusive;<br><br>            Defendants. | **Case No.: 19-cv-09319-GHW (JPRx)**<br><br>**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT THE SETTLEMENT AGREEMENT**<br><br>**DATE:    August 24, 2020**<br>**TIME:    8:30 A.M.**<br>**DEPT.:   9D**<br><br><br>Complaint filed: October 30, 2019<br>Trial date: None |

- 1 -

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT THE SETTLEMENT AGREEMENT**

I, DOMINIQUE N. WESTMORELAND, declare as follows:

1.    I am an attorney duly admitted to practice before the courts of the State of California, including the United State District Court for the Central District of California. I am the attorney of record for Defendants, RESMAC, INC. ("RESMAC"), JJ ZHANG ("ZHANG"), and KEVIN HECKEMEYER ("HECKEMEYER") (collectively "Defendants"). The facts set forth herein, and if called as a witness to testify thereto, I could competently and truthfully do so.

2.    On October 30, 2019, SWANSEA INVESTMENT GROUP, INC. ("SWANSEA") filed a verified complaint in this action ("Complaint") asserting various claims related to a certain promissory note executed by RESMAC.

3.    SWANSEA purportedly served RESMAC, but has failed to serve to any other defendant in this action. RESMAC disputes that SWANSEA properly served it with the Complaint.

4.    Further, SWANSEA failed to file a proof of service of summons or a waiver of service.

5.    On December 23, 2019, RESMAC filed its Motion to Dismiss to SWANSEA's Complaint on the grounds that the court lacked jurisdiction over the parties pursuant to the terms of the promissory, amongst other issues.

6.    ZHANG also filed a motion to dismiss. ZHANG's Motion to Dismiss SWANSEA's Complaint was made on the grounds that the Complaint failed to state a claim against ZHANG. Further, ZHANG has not waived his right to dispute that this court has proper jurisdiction over him or the subject matter.

7.    On January 25, 2020, the parties participated in settlement negotiations at Defendants' counsel's office. After approximately seven (7) hours of negotiations, the parties reached a settlement. The Settlement Agreement comprised of material terms obligating the parties' performance. The Settlement Agreement was executed by all parties, as

- 2 -

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT THE SETTLEMENT AGREEMENT**

well as, their attorneys of record. A true and correct copy of the "Settlement Agreement" is attached and marked hereto as **EXHIBIT A.**

8.    Under the Settlement Agreement, SWANSEA agreed to dismiss, with prejudice, Defendants from the instant action. Specifically, Section 5 of the Settlement Agreement provides:

> "Swansea agrees to dismiss the entire action against all parties, with prejudice, styled Swansea v. ResMac, et al. USDC Central District Case Number 19-CV-09319-GHW (JPRx) within five (5) days of full performance of the terms of the Settlement Agreement and Release."

Section 7 of the Settlement Agreement provided:

> "Swansea will file a Notice of Conditional Settlement and Joint Stipulation and Proposed Order Vacating all deadlines with the Court informing of the settlement and release by Friday, January 31, 2020."

9.    The Settlement Agreement expressly acknowledges that it was the parties' *intent* by mutual agreement and desire to resolve SWANSEA's action.

10.    Section 1 of the Settlement Agreement expressly provides that the "***The terms herein are binding upon all Parties, as evidenced by their signature below"***. [Emphasis added.]. The parties executed the Settlement Agreement, and the parties' attorneys also signed the Settlement Agreement in order to approve the form and content of the Settlement Agreement.

11.    On February 18, 2020, SWANSEA filed the Notice of Conditional Settlement. A true and correct copy of the "Notice of Conditional Settlement" is attached and marked hereto as **EXHIBIT B.**

12.    Resmac completed its obligations under the Settlement Agreement in March 2020, and specifically on March 26, 2020 completed their final obligation under the Settlement Agreement. A true and correct

- 3 -

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT THE SETTLEMENT AGREEMENT**

copy of the "E-mail, dated March 20, 2020" is attached and marked hereto as **EXHIBIT C.** Accordingly, SWANSEA was obligated pursuant to the express written terms of the Settlement Agreement to dismiss, with prejudice, the action against all Defendants. See, Exhibit A.

13.    In order for SWANSEA to comply with its obligations under the Settlement Agreement, it was required to file the dismissal by April 2, 2020. See, Exhibit A.

14.    To date, SWANSEA has not filed the dismissal of the action. In fact, at least *eighty-three (83) days* have lapsed since SWANSEA was obligated to perform its obligation under the Settlement Agreement.

15.    Defendants contacted SWANSEA regarding its lack of performance on several occasions. On May 21, 2020, SWANSEA's attorney promised to file the dismissal. A true and correct copy of the "E-mail, dated May 21, 2020" is attached and marked hereto as **EXHIBIT D.** Subsequently on May 22, 2020, SWANSEA's attorney made a series of false, inaccurate and unfounded representations regarding the Loan that was transferred to SWANSEA. Then, SWANSEA demanded additional consideration in order to dismiss the action against Defendants. In short, SWANSEA wanted Defendants to give him additional consideration in order to perform the obligations that it was required to perform under the Settlement Agreement.

16.    To date, SWANSEA refuses and continues to refuse to dismiss the action against Defendants.

17.    Because SWANSEA has willfully failed to comply with the terms of the Settlement Agreement, SWANSEA has been unjustly enriched and Defendants have been financially harmed and prejudiced in this action. More specifically, RESMAC and ZHANG were agreeable to their motions to dismiss being taken off calendar because a settlement was achieved.

///
///
///

- 4 -

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS
RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT
THE SETTLEMENT AGREEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This declaration was executed on July 20, 2020, at Palos Verdes Peninsula, California.

_____

Dominique N. Westmoreland

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT THE SETTLEMENT AGREEMENT**

**EXHIBIT A — SETTLEMENT AGREEMENT**

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS
RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT
THE SETTLEMENT AGREEMENT**



**THE WESTMORELAND LAW FIRM**

A  P R O F E S S I O N A L  C O R P O R A T I O N

January 25, 2020

*In re:*     **Case Name: *Swansea v. ResMac*, et al.**
             **Case No.:   19-CV-09319-GHW (JPRx)**

<u>*MEMORANDUM OF UNDERSTANDING*</u>

**To All Parties:**

The parties to the above entitled action desire to resolve the action in consideration of the above entitled action. This Memorandum of Understanding will establish the basic framework for the Settlement Agreement and Release of All of Claims between the Parties. Moreover, the following terms contained herein will be more specifically incorporated in to a formal Settlement Agreement and Release of All of Claims between the Parties, however, the purpose of this memorandum is to summarize the basic terms of the settlement and release in order to establish the Parties' mutual understanding regarding the Parties' intent, mutual agreement and desire to resolve the above entitled action.

1.   The terms herein are binding upon all Parties, as evidenced by their signature below.

2.   The settlement amount totals $375,000.00 for cash and loan described herein.

3.   ResMac will pay Swansea Ninety Thousand Dollars and No Cents ($90,000.00) by wire transfer on or before February 10, 2020. Swansea wire transfer information immediately to ResMac.

4.   Swansea and/or assigns will purchase the ResMac Loan Number 1000053203 for 7805 Colony Lake Drive, Boynton Beach, Florida 33436 in the amount of Two Hundred Eighty-Five Thousand Dollars and No Cents ($285,000.00). ResMac shall provide borrower information to Swansea's manager, Craig Chang, within five (5) business days. ResMac shall service the loan and shall retain all associated interest with the loan.

5.   Swansea agrees to dismiss the entire action against all parties, with prejudice, styled Swansea v. ResMac, et al. USDC Central District Case Number 19-CV-09319-GHW (JPRx) within five (5) days of full performance of the terms of the Settlement Agreement and Release.

6.   Each party will bear their own attorneys fees and costs. In any subsequent action to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of reasonable attorney's fees and costs.

7.   Swansea will file a Notice of Conditional Settlement and Joint Stipulation and Proposed Order Vacating All Deadlines with the Court informing of the settlement and release by Friday, January 31, 2020.

8.   This Agreement shall be governed and interpreted for all purposes by the laws of the State of California.

9.   Each Party represents and warrants that he/she/it has full right, power and authority to enter into and perform under this Agreement, and that neither its entry into nor its performance under this Agreement requires the consent of any third Party or violates any agreement, judgment or decree to which it is a party or by which it is bound.

IN WITNESS THEREOF, the parties have executed this Agreement by their signatures below.

SWANSEA INVESTMENT GROUP, INC.:

By: _____
     Craig Chang    Manager for Swansea.

RESMAC

By: _____
     Kevin Heckemeyer

Page 2 of 3

**APPROVED AS TO FORM AND CONTENT:**

Dated: January 25, 2020

KORDESTANI LEGAL PARTNERS, P.C.

By: _____
Harriosn P. Kordestani, Esq.
Attorney for Plaintiff,
SWANSEA INVESTMENT GROUP, INC.

Dated: January 25, 2020

THE WESTMORELAND LAW FIRM, P.C.

By: _____
Dominique N. Westmoreland, Esq.
Attorney for Defendant,
RESMAC, KEVIN HECKEMEYER, & JJ
ZHANG

1  **EXHIBIT B – NOTICE OF CONDITIONAL SETTLEMENT**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              - 7 -

28

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS
RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT
THE SETTLEMENT AGREEMENT**

1  Harrison Pierce Kordestani, Bar No. 175220
2  hpk@kordestanilaw.com
   KORDESTANI LEGAL PARTNERS,
3  A PROFESSIONAL CORPORATION
   8033 Sunset Boulevard, STE 798
4  Los Angeles, California 90046
   Telephone: (323) 628-7150
5
6  *Attorney for Plaintiff Swansea Investment Group, Inc.*

7              **UNITED STATES DISTRICT COURT**

8          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9

10  SWANSEA INVESTMENT GROUP, INC., a New      Case No.: **19-cv-09319-GHW(JPRx)**
11  Jersey corporation,
                                                **HON. JUDGE GEORGE H. WU**
12              Plaintiff,
                                                **NOTICE OF CONDITIONAL SETTLEMENT AND**
13              vs.                             **[PROPOSED] ORDER VACATING ALL**
                                                **DEADLINES**
14
15  RESMAC, INC., a Florida Corporation; JJ
    ZHANG, an individual; KEVIN HECKEMEYER,
16  an individual; TODD LAUTZENHEISER, an       **COMPLAINT FILED: OCTOBER 30, 2019**
    individual, and Does 1 through 10, inclusive;  **TRIAL DATE: NOT ASSIGNED**
17
                Defendants.
18
19
20
21
                       **NOTICE OF CONDITIONAL SETTLEMENT**
23
23  TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD: the Parties have agreed to
24  settle the above-captioned matter, subject to the completion of terms and conditions specified in the
25  Settlement Agreement, a copy of which is attached hereto as **Exhibit 1**. Pursuant to the terms of
26  the Settlement Agreement, Plaintiffs will request dismissal of this entire Action upon satisfaction
27  of the conditions set forth therein.
28
                                          1

In light of this conditional settlement, the Parties, by and through their respective counsel have agrees as follows:

WHEREAS, the Parties have agreed to settle the matter in accordance with the terms set forth in the Settlement Agreement attached hereto as Exhibit 1;

WHEREAS, the Parties expect such conditions of settlement to be completed within 90 days of the filing of this notice and stipulation;

WHEREAS, the Parties respectfully request that the Court vacate all deadlines governing this case, with the understanding that Plaintiffs will file a request for dismissal of the Action following completion of the conditional terms of settlement; in the unlikely event that the settlement conditions are not completed within the time agreed by the Parties, Plaintiffs will request a further case management conference to set new case management deadlines.

NOW THEREFORE, the Plaintiff respectfully requests that the Court vacate all deadlines governing this case.

Respectfully submitted,

DATED: February 18, 2020

By: /s/ *Harrison Pierce Kordestani*

_____
Harrison Kordestani, Bar No. 175220
*Attorney for Plaintiff Swansea Investment
 Corporation, Inc.*

2

1
2

## **DECLARATION**

3
4

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

5
6

DATED: February 18, 2020

By: /s/ Harrison Pierce Kordestani

7
8

_____
Harrison Kordestani, Bar No. 175220
*Attorney for Plaintiff Swansea Investment
    Corporation, Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

NOTICE OF CONDITIONAL SETTLEMENT AND [PROPOSED] ORDER VACATING DEADLINES

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED THAT all deadlines governing this Action are vacated.

**IT IS SO ORDERED.**

DATED: _____, 2020

_____
Honorable George H. Wu
United States District Judge

NOTICE OF CONDITIONAL SETTLEMENT AND [PROPOSED] ORDER VACATING DEADLINES

Case 2:19-cv-09319-GW-JPR   Document 30-1   Filed 07/20/20   Page 15 of 23   Page
Case 2:19-cv-09319-GW-JPR   Document 17   Filed 02/18/20   Page 5 of 6   Page ID #:196
ID #:292

EXHIBIT 1



**THE WESTMORELAND LAW FIRM**

January 25, 2020

*In re:* **Case Name: *Swansea v. ResMac, et al.***
        **Case No.: *19-CV-09319-GHW (JPRx)***

<u>**MEMORANDUM OF UNDERSTANDING**</u>

**To All Parties:**

The parties to the above entitled action desire to resolve the action in consideration of the above entitled action. This Memorandum of Understanding will establish the basic framework for the Settlement Agreement and Release of All of Claims between the Parties. Moreover, the following terms contained herein will be more specifically incorporated in to a formal Settlement Agreement and Release of All of Claims between the Parties, however, the purpose of this memorandum is to summarize the basic terms of the settlement and release in order to establish the Parties' mutual understanding regarding the Parties' intent, mutual agreement and desire to resolve the above entitled action.

1. The terms herein are binding upon all Parties, as evidenced by their signature below.

2. The settlement amount totals $375,000.00 for cash and loan described herein.

3. ResMac will pay Swansea Ninety Thousand Dollars and No Cents ($90,000.00) by wire transfer on or before February 10, 2020. Swansea wire transfer information immediately to ResMac.

4. Swansea and/or assigns will purchase the ResMac Loan Number 100005320J for 7805 Colony Lake Drive, Boynton Beach, Florida 33436 in the amount of Two Hundred Eighty-Five Thousand Dollars and No Cents ($285,000.00). ResMac shall provide borrower information to Swansea's manager, Craig Chang, within five (5) business days. ResMac shall service the loan and shall retain all associated interest with the loan.

---

1379 W. Park Western Drive, Suite 301
Telephone No.: (424) 285-5362| Facsimile No.: (424) 285-5825
Web: www.wml-law.com

**Scanned with CamScanner**

5. Swansea agrees to dismiss the entire action against all parties, with prejudice, styled Swansea v. ResMac, et al. USDC Central District Case Number 19-CV-09319-GHW (JPRx) within five (5) days of full performance of the terms of the Settlement Agreement and Release.

6. Each party will bear their own attorneys fees and costs. In any subsequent action to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of reasonable attorney's fees and costs.

7. Swansea will file a Notice of Conditional Settlement and Joint Stipulation and Proposed Order Vacating All Deadlines with the Court informing of the settlement and release by Friday, January 31, 2020.

8. This Agreement shall be governed and interpreted for all purposes by the laws of the State of California.

9. Each Party represents and warrants that he/she/it has full right, power and authority to enter into and perform under this Agreement, and that neither its entry into nor its performance under this Agreement requires the consent of any third Party or violates any agreement, judgment or decree to which it is a party or by which it is bound.

IN WITNESS THEREOF, the parties have executed this Agreement by their signatures below.

SWANSEA INVESTMENT GROUP, INC.:

By: _____
    Craig Chang     Manager for Swansea.

RESMAC

By: _____
    Kevin Heckemeyer

Page 2 of 3

Scanned with CamScanner

**APPROVED AS TO FORM AND CONTENT:**

Dated: January 25, 2020            KORDESTANI LEGAL PARTNERS, P.C.


                                   By: _____
                                     Harriosn P. Kordestani, Esq.
                                     Attorney for Plaintiff,
                                     SWANSEA INVESTMENT GROUP, INC.



Dated: January 25, 2020            THE WESTMORELAND LAW FIRM, P.C.


                                   By: _____
                                     Dominique N. Westmoreland, Esq.
                                     Attorney for Defendant,
                                     RESMAC, KEVIN HECKEMEYER, & JJ
                                     ZHANG

Scanned with CamScanner

1  **EXHIBIT C – E-MAIL DATED MARCH 20, 2020**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

– 8 –

28

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT THE SETTLEMENT AGREEMENT**

M Gmail                                    Dominique Westmoreland <dwestmoreland@wml-law.com>

---

## Swansea v. ResMac, et al.

**Harrison Kordestani** <hpk@kordestanilaw.com>                    Thu, Mar 26, 2020 at 12:56 PM
To: Dominique Westmoreland <dwestmoreland@wml-law.com>

Thank you for your note; my best to your family as well.

I can confirm that the paperwork was received by Swansea.

And I will review the longform and check in with Mr. Chang as to payments.

**Harrison KORDESTANI**
Kordestani Legal Partners
8033 Sunset Boulevard, Suite 798
Los Angeles, California 90046
+ 1 323 603 7656

https://calendly.com/kordestanilaw

**CONFIDENTIALITY**:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.  It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

[Quoted text hidden]
[Quoted text hidden]
<Settlement Agreement - v.1 - 03252020.docx>

**EXHIBIT D – E-MAIL DATED MAY 21, 2020**

- 9 -

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT THE SETTLEMENT AGREEMENT**

 Gmail

Dominique Westmoreland <dwestmoreland@wml-law.com>

---

## Swansea v. ResMac

**Harrison Kordestani** <hpk@kordestanilaw.com>                                    Thu, May 21, 2020 at 5:52 PM
To: Dominique Westmoreland <dwestmoreland@wml-law.com>

Dear Dominique

I will file the dismissal but I need you to know that my client actively reaches out to your clients (both JJ and Kevin) and he has an understanding with regard to the payments with JJ.

I will discuss with him and update you, and he does not want to impede the process, but that process has been delayed also by your clients (mores Kevin) and they are not without fault in the delays; I know that you're super diligent and on top of everything so my client in no way means to infer that you've done anything.

I need to make sure I get the latest update for you before making further definitive statements which may not be exactly true, so stay turned on that front.

With my very best
Harrison


**Harrison KORDESTANI, Esq.**
**KORDESTANI LEGAL PARTNERS**
M + 1 323 603 7656
O + 1 323 628-7150
M + 44 75766 79479

https://calendly.com/kordestanilaw

**CONFIDENTIALITY**:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.  It is the recipient's responsibility to scan this e-mail and any attachments for viruses.
[Quoted text hidden]

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, I electronically filed the **DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT THE SETTLEMENT AGREEMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record.

_____
Britney Jones

- 10 -

**DECLARATION OF DOMINIQUE N. WESTMORELAND IN SUPPORT OF DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER'S MOTION TO ENFORCEMENT THE SETTLEMENT AGREEMENT**