DOMINIQUE N. WESTMORELAND, ESQ. (SBN 302606)
    E-mail: dwestmoreland@wml-law.com
**THE WESTMORELAND LAW FIRM, P.C.**
1379 W. Park Western Drive, Suite 301
San Pedro, California 90732
Telephone No.: (424) 285-5362
Facsimile No.: (424) 285-5825

Attorneys for Defendants,
RESMAC, INC., JJ ZHANG, & KEVIN HECKEMEYER

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SWANSEA INVESTMENT GROUP, INC., a New Jersey Corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>RESMAC, INC., a Florida Corporation; JJ ZHANG, an individual; KEVIN HECKEMEYER, an individual; TODD LAUTZENHEISER, and individual, and Does 1 through 10, inclusive;<br><br>           Defendants. | **Case No.: 19-cv-09319-GHW (JPRx)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**<br><br>*[Filed concurrently herewith Notice, Declaration of Dominique N. Westmoreland and Proposed Order]*<br><br>**DATE:    August 24, 2020**<br>**TIME:    8:30 A.M.**<br>**DEPT.:   9D**<br><br><br>Complaint filed: October 30, 2019<br>Trial date: None |

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**

**I.   INTRODUCTION**

Plaintiff SWANSEA INVESTMENT GROUP, INC. ("SWANSEA") and Defendant RESMAC,INC. ("RESMAC"), entered into a written settlement agreement on January 25, 2020 (the "Settlement Agreement") [1].

Pursuant to the terms of the Settlement Agreement, SWANSEA agreed to dismiss the instant action against RESMAC including but not limited to JJ ZHANG ("ZHANG") and KEVIN HECKEMEYER ("HECKEMEYER"), TODD LAUTZENHEISER ("LAUTZENHEISER") (collectively, "Defendants"), ***with prejudice***, subsequent to RESMAC's performance of two things. Firstly, RESMAC was obligated to issue a monetary payment, by wire transfer, to SWANSEA in the amount of $90,000. Secondly, RESMAC was obligated to transfer a certain real property loan held by RESMAC described as Loan Number 1000053203 for 7805 Colony Lake Drive, Boynton Beach, Florida 334326 ("Loan"). In February 2020, SWANSEA filed a Notice of Conditional Settlement, in which it attached a copy of the Settlement Agreement to the notice. (Dkt No. 17). In March 2020, RESMAC fully performed all of its obligations under the Settlement Agreement, and SWANSEA confirmed RESMAC's performance.

Unfortunately, SWANSEA did not comply with its obligation under the Settlement Agreement, in which SWANSEA refused to dismiss Defendants from the action. Accordingly, SWANSEA is in material breach of the express written terms of the Settlement Agreement. Now, SWANSEA is demanding additional consideration from RESMAC in order to perform its obligations (dismiss all Defendants) under the Settlement Agreement. As demonstrated below, this court has inherent authority to enforce the Settlement Agreement.

---

[1] The Settlement Agreement is entitled as a "Memorandum of Understanding," in which comprised of the basic terms for a long version of a settlement agreement and release to be later executed between the parties. Accordingly, terms constituting the Memorandum of Understanding are material and enforceable, even in the absence of a long version of the settlement agreement.

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**

Defendants submit this motion and respectfully requests that the Court enforce the Settlement Agreement to dismiss Defendants, with prejudice, from this action.

## II.   FACTS

### A.   The Underlying Action and Settlement

On October 30, 2019, SWANSEA filed a verified complaint in this action ("Complaint") asserting various claims related to a certain promissory note executed by RESMAC. (Dkt No. 1). Decl. DNW, ¶2. SWANSEA purportedly served RESMAC, but has failed to serve any other defendant in this action. Decl. DNW, ¶3. In fact, RESMAC disputes that SWANSEA properly served it with the Complaint. Decl. DNW, ¶3. Further, SWANSEA failed to file a proof of service of summons or a waiver of service. Decl. DNW, ¶4.

On December 23, 2019, RESMAC filed its Motion to Dismiss to SWANSEA's Complaint on the grounds that the court lacked jurisdiction over the parties pursuant to the terms of the promissory, amongst other issues. (Dkt No. 11). Decl. DNW, ¶5.  Although ZHANG disputes that he was properly served, however, he filed a motion to dismiss the Complaint against him. (Dkt No. 15). Decl. DNW, ¶6. ZHANG's Motion to Dismiss SWANSEA's Complaint was made on the grounds that the Complaint failed to state a claim against ZHANG. Decl. DNW, ¶6. Further, ZHANG has not waived his right to dispute that this court has proper jurisdiction over him or the subject matter. Decl. DNW, ¶6.

Subsequently in January 2020, the parties agreed to engage in settlement negotiations. On January 25, 2020, the parties participated in settlement negotiations at Defendants' counsel's office. Decl. DNW, ¶7. After approximately seven (7) hours of negotiations, the parties reached a settlement. Decl. DNW, ¶7. The Settlement Agreement comprised of material terms obligating the parties' performance. Decl. DNW, ¶7. The Settlement Agreement was executed by all parties, as well as, their attorneys of record. Decl. DNW, ¶7.

- 3 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**

Under the Settlement Agreement, SWANSEA agreed to dismiss, with prejudice, Defendants from the instant action. Specifically, Section 5 of the Settlement Agreement provides:

> "Swansea agrees to dismiss the entire action against all parties, with prejudice, styled Swansea v. ResMac, et al. USDC Central District Case Number 19-CV-09319-GHW (JPRx) within five (5) days of full performance of the terms of the Settlement Agreement and Release."

Decl. DNW, ¶8.

Section 7 of the Settlement Agreement provided:

> "Swansea will file a Notice of Conditional Settlement and Joint Stipulation and Proposed Order Vacating all deadlines with the Court informing of the settlement and release by Friday, January 31, 2020."

Decl. DNW, ¶8.

The Settlement Agreement expressly acknowledges that it was the parties' *intent* by mutual agreement and desire to resolve SWANSEA's action. Decl. DNW, ¶9. Section 1 of the Settlement Agreement expressly provides that the "***The terms herein are binding upon all Parties, as evidenced by their signature below***". [Emphasis added.]. Decl. DNW, ¶10. The parties executed the Settlement Agreement, and the parties' attorneys also signed the Settlement Agreement in order to *approve the form and content* of the Settlement Agreement. Decl. DNW, ¶10.

**B.  Swansea's Failure To Comply With The Settlement Agreement**

On February 18, 2020, SWANSEA filed the Notice of Conditional Settlement. (Dkt No. 17). Decl. DNW, ¶11. Moreover, RESMAC completed its obligations under the Settlement Agreement in March 2020, and specifically on March 26, 2020 completed their final obligation under the Settlement Agreement. Decl. DNW, ¶12. Accordingly, SWANSEA was obligated pursuant to the express written terms of the Settlement Agreement to dismiss, with prejudice, the action against all Defendants.

- 4 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**

Decl. DNW, ¶12.  In order for SWANSEA to comply with its obligations under the Settlement Agreement, it was required to file the dismissal by April 2, 2020. Decl. DNW, ¶13. To date, SWANSEA has not filed the dismissal of the action. In fact, at least **one-hundred six days (106) days** have lapsed since SWANSEA was obligated to perform its obligation under the Settlement Agreement. Decl. DNW, ¶14.

Defendants contacted SWANSEA regarding its lack of performance on several occasions. Decl. DNW, ¶15. On May 21, 2020, SWANSEA's attorney promised to file the dismissal. Decl. DNW, ¶15. Subsequently on May 22, 2020, SWANSEA's attorney made a series of false, inaccurate and unfounded representations regarding the Loan that was transferred to SWANSEA. Decl. DNW, ¶15.  Then, SWANSEA demanded additional consideration in order to dismiss the action against Defendants. Decl. DNW, ¶15. In short, SWANSEA wanted Defendants to give him additional consideration in order to perform the obligations that it was required to perform under the Settlement Agreement.

To date, SWANSEA refuses and continues to refuse to dismiss the action against Defendants. Decl. DNW, ¶16. Accordingly, SWANSEA is holding Defendants hostage. SWANSEA's bad faith conduct simply amounts to extortion. Defendants performed their obligations under the Settlement Agreement, with the expectation that SWANSEA would also honor and perform its obligations. Because SWANSEA has willfully failed to comply with the terms of the Settlement Agreement, SWANSEA has been unjustly enriched and Defendants have been financially harmed and prejudiced in this action since RESMAC has provided SWANSEA with valuable consideration, in good faith, that SWANSEA would dismiss Defendants. Decl. DNW, ¶17. More specifically, RESMAC and ZHANG were agreeable to their motions to dismiss being taken off calendar because a settlement was achieved in good faith. Decl. DNW, ¶17.

Simply, SWANSEA has received the full benefits under the Settlement Agreement, and Defendants have not.

///

- 5 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**

**III.   ARGUMENT**

    **A.    This Court Has Jurisdiction To Enforce The Settlement Agreement**

Courts do not automatically retain jurisdiction over disputes "arising out of an agreement that produces [a] stipulation" to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.* (1994) 511 U.S. 375, 378. However, a court does have jurisdiction to enforce a settlement agreement where, as in the instant matter, the court has independent basis for jurisdiction over the enforcement action. *Id.* at 381.; *see also, Limbright v. Hofmeister* (6th Cir. 2009)("[A] district court may rely on any basis of jurisdiction to summarily enforce a settlement agreement that produced the dismissal of an earlier federal suit."); *O'Connor v. Colvi* (9th Cir. 1995) 70 F.3d 530, 532 (recognizing that diversity jurisdiction can provide an independent basis for federal jurisdiction over the enforcement of a settlement agreement); *Unito Piazza Enters. Co. v. Pacwind, Inc.* 2014 U.S. Dist. LEXIS 173616 (9th Cir. 2014)(terms of settlement agreement were read into the record but did not specify whether court would retain jurisdiction to enforce the settlement. Matter was dismissed. Plaintiff moved to enforce a settlement agreement with the same court handling the prior litigation. The court found that since it had diversity jurisdiction, it had jurisdiction to hear and determine the motion.); *Rupperberger v. Ramos* 2017 U.S. Dist. LEXIS (9th Cir. 2017)(Parties signed a settlement and included a stipulation for dismissal and order signed by the court but included no provision indicating that the court would retain jurisdiction to enforce the settlement agreement. After the settlement was breached, the Plaintiff moved to enforce the settlement agreement, which the magistrate recommended be granted. Defendant filed a Rule 60(b) motion to set aside the order adopting the magistrate's findings and recommendations arguing that the court did not have jurisdiction to enforce the settlement agreement because it did not retain jurisdiction. The court denied Defendant's motion finding it has authority to enforce the settlement

- 6 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**

agreement because there was an " 'independent basis for federal jurisdiction' as the court has diversity jurisdiction.").

Here, SWANSEA and RESMAC signed the Settlement Agreement that included a stipulation that SWANSEA must file a dismissal of the action, with prejudice, after RESMAC performed its obligations, but the agreement failed to articulate a term indicating that the court would retain jurisdiction. However, as in *Ruppersberger* and *Unito Plaza*, there is an independent basis for federal jurisdiction, namely, diversity jurisdiction.

In the present case, jurisdiction was being disputed by the only purportedly served defendant, RESMAC. SWANSEA is a New Jersey corporation, and RESMAC is a Florida corporation. The promissory note attached to SWANSEA's Complaint indicated that the parties to the promissory note (SWANSEA and RESMAC) contracted that the State of Florida had jurisdiction over any dispute or action arising from the promissory note. (Dkt. No. 1). However, the parties to the Settlement Agreement, including SWANSEA and RESMAC contracted that the Settlement Agreement would be governed by the laws of the State of California. (Dkt. No. 1). In short, if the Settlement Agreement is unenforceable, then this Court does not have jurisdiction over the parties because no defendant has waived jurisdiction, in which Defendants respectfully request that ZHANG and RESMAC's motions are put back on calendar for hearing; otherwise, if the Settlement Agreement is enforceable, then the Court must enforce the Settlement Agreement because a material term of the Settlement Agreement stipulates that California law governs the agreement.

Like in *Ruppersberger* and *Unito Plaza*, there is an independent basis for federal jurisdiction, namely diversity jurisdiction, as SWANSEA and RESMAC, ZHANG and HECKEMEYER are diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a)(2)(district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is "between citizens of a State and citizens or subjects of a foreign state"); see Complaint ¶¶1,2 and 3 (Dkt. No. 1). Accordingly, this court has jurisdiction to enforce the

- 7 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**

Settlement Agreement and dismiss SWANSEA's action with prejudice against all Defendants.

### B. This Court Should Enforce The Settlement Agreement

It is well established that public policy, as well as, judicial policy and economy, favor the enforcement of settlement agreements. *Class Plaintiff's v. Seattle* (1991) 955 F.2d 1268, 1291; *Limbright v. Hofmeister* (6th Cir. 2009) 566 F.3d 672, 675 ("This court has long approved summary enforcement of settlement agreements in order to promote the…speedy and reasonable resolution to disputes.").

There can be no dispute that the parties, who were represented by learned and prudent counsel (who also executed the Settlement Agreement) knowingly and voluntarily signed the Settlement Agreement. (Dkt. No. 17). Further review of the Settlement Agreement establishes that **it is clear, unambiguous and enforceable.** The Settlement Agreement sets forth all material terms of the parties' intent and settlement, and all such terms are reasonably certain. Specifically, under the Settlement Agreement, SWANSEA agreed to dismiss the action, with prejudice, after Defendants completed their obligations under the Settlement Agreement. As such Defendants fully performed all of their obligations under the Settlement Agreement, and now, SWANSEA is refusing to perform its obligation—to dismiss the action with prejudice.

### C. Swansea Is In Material Breach Of The Settlement Agreement

SWANSEA was obligated to dismiss the action against Defendants. Under Section 5 of the Settlement Agreement, "***Swansea agrees to dismiss the entire action against all parties, with prejudice, styled Swansea v. ResMac, et al. USDC Central District Case Number 19-CV-09319-GHW (JPRx) within five (5) days of full performance***." [Emphasis added.]. (Dkt. No. 17).

On March 26, 2020, Defendants completed full performance of their obligations under the Settlement Agreement. SWANSEA was required to dismiss the action with prejudice by April 1, 2020. At least **106 days** have lapsed since SWANSEA was obligated to dismiss Defendants and this action. Because SWANSEA has failed to timely dismiss Defendants and this

- 8 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**

action, with prejudice, SWANSEA is in material breach of the express written terms of the Settlement Agreement.

Further, SWANSEA concedes that it is in material breach of the Settlement Agreement. (Dkt. No. 22). Accordingly, SWANSEA breached the Settlement Agreement.

## IV. DEFENDANTS REQUEST THAT THE COURT RECALENDAR RESMAC AND ZHANG'S MOTIONS TO DISMISS THE COMPLAINT

SWANSEA filed a Notice of Conditional of Settlement (Dkt. No. 17.). As a result of the notice, the court vacated RESMAC and ZHANG's motions to dismiss. Although Defendants have fully performed their obligations under the Settlement Agreement and strongly desire that this court enforce the Settlement Agreement, however, if the court finds in opposition of enforcement of the Settlement Agreement, then Defendants respectfully request that the court place their motions to dismiss back on calendar for hearing.

Additionally, Defendants respectfully request that the court order SWANSEA to immediately issue payment of the $90,000 back to RESMAC within five (5) days of the order, as well as, order SWANSEA to immediately transfer the Loan to RESMAC within five (5) days of the order to preclude SWANSEA from being unjustly enriched, and RESMAC being financially harmed.

## V. CONCLUSION

Pursuant to the terms of the Settlement Agreement, Defendants respectfully request that this court enforce the Parties Settlement Agreement and dismiss this action with prejudice against the Defendants.

Dated: July 20, 2020         THE WESTMORELAND LAW FIRM, P.C.

By: _____
Dominique N. Westmoreland
Attorneys for RESMAC, INC., JJ ZHANG, KEVIN HECKEMEYER

- 9 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 20, 2020, I electronically filed the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT BETWEEN PLAINTIFF SWANSEA INVESTMENT GROUP, INC. AND DEFENDANTS RESMAC, INC., JJ ZHANG AND KEVIN HECKEMEYER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record.

*/s/ Britney Jones*

_____
Britney Jones

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT**