UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9319-GW-JPRx | Date | September 3, 2020 |
|---|---|---|---|
| Title | *Swansea Investment Group, Inc. v. ResMac, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Harrison P. Kordestani | Dominique Westmoreland |

**PROCEEDINGS:** **TELEPHONIC HEARING ON DEFENDANT'S MOTION TO ENFORCE THE SETTLEMENT [30]**

Court hears oral argument. The Tentative circulated and attached, is adopted as the Court's Final Ruling. Defendant's Motion is DENIED. The Court sets a hearing on any outstanding issues for October 29, 2020 at 8:30 a.m. Counsel may stipulate to the briefing schedule, except the replies, which are to be filed by October 19, 2020. Plaintiff will also provide an explanation regarding service of Defendants.

:   20

Initials of Preparer   JG

<u>***Swansea Inv. Grp., Inc. v. RESMAC, Inc., et al.***</u>, Case No. 19-cv-09319-GHW-(JPRx)
Tentative Ruling on Motion to Enforce the Settlement

After plaintiff Swansea Investment Group, Inc. ("Swansea") failed to timely oppose the motion filed by defendants Resmac, Inc. ("Resmac"), JJ Zhang and Kevin Heckemeyer (collectively, "Movants"[1]) to enforce a settlement reached in this action, the Court allowed Swansea to file a late-opposition due to a death in Swansea's counsel's family. Following review of that opposition[2] and Movants' Reply, it is apparent to the Court that it cannot enforce any settlement between the parties, at least not based upon the present motion/papers.

First, there appear to be factual disputes about just what Movants have provided to Swansea and whether they have otherwise complied with terms of the settlement. To get a clearer picture of whether or not one side or the other is entirely correct in this regard (or whether there would be, in fact, a factual dispute that would necessitate some form of resolution by a factfinder), the Court would likely require from the parties something along the lines of a summary judgment motion (along with the statements required by Rules 56-1 and 56-2 of this District's Local Rules).

Second, Swansea appears to refer to terms that do not actually appear on the face of the Memorandum of Understanding itself. While they believe that the Memorandum of Understanding itself is enforceable, Movants do not appear to have directed the Court either to any legal doctrine or to any term in the Memorandum of Understanding that would disallow Swansea from incorporating additional terms. The Memorandum of Understanding itself refers to a further "formal Settlement Agreement and Release of All [] Claims" and indicates that the Memorandum of Understanding was an attempt to "summarize the basic terms of the settlement and release." Thus, when Movants argue that Swansea agreed to dismiss the entire action with prejudice within five days of "full performance," the "full performance" term of the Memorandum of Understanding

---

[1] As the Court previously noted, one other defendant, Todd Lautzenheiser, does not appear to have been involved in bringing this motion. Movants have not given any explanation for Lautzenheiser's failure to join in the motion.

[2] Swansea actually filed two oppositions, one on August 21, 2020, *see* Docket No. 33, and a "Restated Opposition" on October 28, 2020, *see* Docket No. 35.

actually refers to "full performance of the terms of *the Settlement Agreement and Release*." Docket No. 30-1, Exh. A, ¶ 5 (emphasis added). In other words, it is quite possible that the additional terms that Swansea asserts apply here − though not clear on the face of the Memorandum of Understanding − do in fact apply, and that the defendants have not complied with them.

        For at least those two reasons, the Court cannot enforce any settlement between the parties at this time. It would appear the parties now have three options: 1) continue to negotiate and resolve their dispute amongst themselves (ideally with a more clear, formalized, and final agreement); 2) prepare one or more summary judgment motions so that the Court can have a full view of the contractual terms and evidence of performance to determine whether, indeed, the parties fully-complied with the terms of the Settlement Agreement and Release; or 3) place back-on-calendar one or more of the motions that Resmac had filed in December 2019 and January 2020. Any new or re-filed motions in this matter will not be heard before Thursday, October 22, 2020.